————————O————————

## No. 6762.

## MARIA CECILIA LACROIX, ADMINISTRATRIX, v. JOHN HOFFMAN.

### Syllabus.

1. An administrator is competent to execute to the purchaser a formal deed of the property adjudicated to him at a succession sale conducted by an auctioneer appointed by the Court for that purpose.

2. Where the price of an adjudication at a succession sale is paid in cash, there is no legal objection to the adjudicatee assigning his rights as such to another and causing the deed to be made in the latter's favor.

Appeal from the Twenty-ninth Judicial District Court, Parish of St. Bernard, No. 796, Hon. R. Emmet Hingle, Judge. Affirmed.

O. S. Livaudais & W. W. Wall, for plaintiff and appellant. Nunez & Ahrens, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendant in this petitory action founds his title directly upon a judicial sale made by the very succession

that, as plaintiff herein, is now seeking to recover the property from him.

It appears that in the succession proceedings the property was duly ordered to be sold at public auction by Curtis, auctioneer, for the purpose of paying debts. At such sale it was bid in and adjudicated to one Betat by the said auctioneer. Subsequently the succession, through its administrator, made a formal deed to the property in all respects conforming to the adjudication except that the deed was executed not to Betat, the adjudicatee, but to Wright, in whose favor Betat executed a formal transfer of all his rights in and to the adjudication. The defendant thereafter purchased the property from Wright.

The deed by the administrator of the succession to Wright is attacked first upon the ground that, inasmuch as the sale was ordered by the Court to be made by Curtis, auctioneer, the latter alone and not the administrator possessed the authority to execute a deed pursuant to the adjudication.

The contention is without merit. While an auctioneer appointed to make a public sale of succession property may undoubtedly execute the formal deed to the adjudicatee, this authority is not exclusive, and we know of no law and no decision has been cited to us which denies to the administrator the right to execute the deed himself. In fact until the decision of *Johnson v. Barkley,* 47 *Ann.,* 98, it was considered that the administrator alone and not the auctioneer could perform that function.

Plaintiff further contends that Betat, the adjudicatee at the public sale, could not assign his rights as such to Wright, and that consequently the deed to the latter by the succession representative is void. In support of this

25

contention plaintiff cites *Mercier v. Sterlin,* 5 *La.,* 474; but we do not think it sustains it, for the Court held in that case that the adjudicatee had acquired no rights and had never undertaken to assign any. Where, as in this case, the price of the adjudication is paid cash, we are unable to conceive any possible préjudice to the succession or any legal objection to the adjudicatee assigning his rights as such to another in whose favor the deed is executed.

We find no error in the judgment and it is accordingly affirmed.

Opinion and decree, October 23rd, 1916.